[Civ. No. 23912.   Second Dist., Div. Three.   Feb. 17, 1960.]

MERCEDES L. FRIEDENBERG, Appellant, v.
HAMILTON A. FRIEDENBERG, Respondent.

Rogan & Radding and George J. Hider for Appellant.

Edmisten, Yudelson & Silverton and Collman E. Yudelson for Respondent.

BISHOP, J. pro tem.*—The plaintiff has appealed "from the whole" of the judgment. The judgment, with many provisions, declares that each party is entitled to a divorce; awards the plaintiff sums monthly for her support; and decrees many other things to her benefit. Of these various provisions she, understandably, makes no complaint in her briefs on this appeal; her sole claim is that the provisions affecting a quitclaim deed given to her were erroneous. We have concluded that the issues as to the quitclaim deed were correctly decided, and as a consequence the whole judgment should be affirmed.

The defendant alleged in his cross-complaint, and the trial court found: That he (the defendant) had made and delivered to the plaintiff a quitclaim deed covering the real property which stood in the name of the parties as joint tenants, but which was community property; that this deed was made and delivered in reliance on plaintiff's promise to "file for divorce" and to "proceed with said action"; that this promise was made without any intention on plaintiff's part of performing, and it was not carried out, but, instead, this action, originally one for separate maintenance, was begun.

The evidence was sufficient to support the allegations and corresponding findings. True, that which the defendant testified was that the plaintiff said that she would "give" him a divorce if he gave her all the property. The trial court quite properly found in these words the same meaning more correctly expressed in the language of the allegations; a person does not "give" anyone a divorce. Within a few days of the delivery of the deed the plaintiff made statements which the trial court could, with reason, have interpreted as an expression of her intent not to grant a divorce; when a witness at the trial, the plaintiff denied that she had ever agreed to give her husband, the defendant, a divorce. As a consequence the inference was justified that at the time of making her promise the plaintiff had no intention of going through with it.

*Assigned by Chairman of Judicial Council.

Two conclusions were drawn from the facts found. ██ The first one was that the deed was void because given for a promise that was promotive of a divorce and so contrary to public policy. No doubt for many years the premise of this conclusion was sound; such promises were held to be contrary to public policy. (See cases cited, 9 Cal.Jur. 636.) A change has taken place in the law. We read, in *Spellens* v. *Spellens* (1957), 49 Cal.2d 210, 224 [317 P.2d 613]: "Regardless of what the authorities may have heretofore stated in regard to the validity of an agreement made in contemplation of a divorce, a recent statement by this court of the general policy on this subject, is pertinent here: 'Public policy seeks to foster and protect marriage, to encourage parties to live together, and to prevent separation. [Citations.] But public policy does not discourage divorce where the relations between husband and wife are such that the legitimate objects of matrimony have been utterly destroyed. [Citation.] In the absence of fraud, collusion or imposition upon the court, public policy does not prevent parties who have separated from entering into a contract disposing of their property rights which shall become effective only in the event one of the parties obtains a divorce, even though such a contract may be a factor in persuading a party who has a good cause for divorce to proceed to establish it.' " Elsewhere in its findings, the trial court found each party guilty of extreme cruelty, that of the defendant having totally destroyed the legitimate objects of this marriage. By the pleadings it was admitted that on the thirtieth anniversary of their wedding day, their children all being adults, the parties had separated. As tested by the principle repeated in *Spellens* v. *Spellens, supra,* therefore, plaintiff's promise on which defendant relied was not void because it was contrary to public policy.

██ It was, however, as the trial court also concluded, a fraud on the defendant to promise to take proceedings to secure a divorce without any intention of doing so. The evidence and findings, accordingly, support the judgment in which the quitclaim deed is "adjudged to be void and of no force and effect, and is cancelled and set aside." Later the real property covered by the deed is declared to be community property, "and the Plaintiff and Defendant are ordered and directed to sell the same forthwith . . . the net remaining proceeds shall be divided equally between the Plaintiff and Defendant." Again, later, it is provided that "if either party hereto shall . . . neglect to deposit in said escrow a deed con-

veying their respective interests . . . a Commissioner shall be appointed for the purpose. . . ."

The plaintiff has not persuaded us that any good reason exists for reversing the judgment or any part of it. It is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1960.